IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS JAVIER-LOPEZ,           :
                               :
            Plaintiff          :
                               :
       v.                      :     CIVIL NO. 4:CV-14-1251
                               :
BRIAN A. BLEDSOE, WARDEN,      :     (Judge Brann)
  ET AL.,                      :
                               :
            Defendants         :

## MEMORANDUM

June 30, 2015

## Background

This pro se civil rights action was filed by Carlos Javier-Lopez, an inmate presently confined at the United States Penitentiary, Terre Haute, Indiana.  Named as Defendants are multiple officials at Javier-Lopez's prior place of confinement, the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).  Service of the Complaint was previously ordered.

Named as Defendants are the following USP-Lewisburg officials:  Warden Brian Bledsoe; Disciplinary Hearing Officer (DHO) A. Jordan; Associate Warden for Programs P. Frederick; Captain Brian Trate; Case Manager Bobbi Jo

Hamilton; Unit Manager C. Knox; Counselor K.A. Metzger; and Correctional

Officers  T. Burns, Richard Hamilton, and John Does #1 and # 2.  The Complaint

initially contends that USP-Lewisburg staff were allowed and encouraged to

instigate violence between active and non-active prison gang members.  See  Doc.

1-1, ¶ 7.  Specifically, Javier-Lopez, who describes himself as being an ex-gang

member,  states that on the afternoon of February 21, 2012 the two John Doe

Defendants deliberately and maliciously placed Inmate Turcios-Lazo in his USP-

Lewisburg cell.  It is alleged that "due to his active prison gang membership,"

Turcios-Lazo immediately began assaulting the Plaintiff.  Id., ¶ 20.  Plaintiff

asserts that correctional officers responded to the incident by using stun guns.[1]

Javier Lopez asserts that he was "brutally beaten"  and thereafter "denied proper

medical treatment."  Id.

      The Complaint next asserts that beginning on March 13, 2012, Plaintiff

filed multiple administrative complaints accusing Bledsoe, Frederick and

unidentified supervisory guards with attempting to murder him by forcing active

_____

      [1]   Undisputed record submitted by Defendants shows that a chemical agent
was deployed.  The use of mace-type sprays by correctional officials has been found
to be constitutionally acceptable under certain circumstances.  See Banks v. Mozingo,
423 Fed. Appx. 123, 126  (3d Cir. 2011); Travillion v. Leon, 248 Fed. Appx. 3563 (3d
Cir. 2007).

gang members to cell with him despite the knowledge that Javier-Lopez was an

ex-gang member.[2]  The grievances were allegedly confiscated and destroyed by

Defendants Hamilton, Burns, Frederick, and Bledsoe.

On February 14, 2013, Defendants Burns, Metzger, Hamilton, Knox,

Hamilton, Bledsoe, Trate, and Frederick and "other guards" allegedly "for the

second time placed an active gang member, Inmate Victor Martinez, inside the

same recreation cage with plaintiff instigating an immediate assault." Id. at ¶ 22.

When Plaintiff attempted to defend himself, the Complaint claims that he was

severely beaten by correctional staff and denied medical treatment for his resulting

injuries.  In addition, Defendant Burns purportedly issued Plaintiff a misconduct

charge which falsely accused him of fighting with Inmate Martinez in order to

justify the use of force against the inmate by correctional officers.  Javier-Lopez

was found guilty of the charge following a disciplinary hearing before  DHO

Jordan, who allegedly refused to consider Plaintiff's evidence.  As a result of the

finding of guilt, Plaintiff was issued multiple sanctions including a loss of good

time credits.  The Complaint seeks injunctive and declaratory relief as well as

---

[2]  Defendants maintain that Plaintiff "had never been validated as a gang member." Doc. 13, p. 14.  In addition, they contend that the other inmates involved in the incidents "were not validated gang members at the times relevant to the lawsuit." Id.

compensatory and punitive damages.

Presently pending is Defendants' motion seeking entry of summary judgment. <u>See</u> Doc. 10. The motion is unopposed.

**<u>Discussion</u>**

**<u>Standard of Review</u>**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>See also</u> <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. <u>Id</u>. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. <u>Saldana</u>, 260 F.3d at 232; <u>see</u> <u>also</u> <u>Reeder v. Sybron Transition Corp.</u>, 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. <u>Versarge v. Township of Clinton</u>, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Administrative Exhaustion**

Defendants' initial argument contends that they are entitled to entry of summary judgment because the undisputed record shows that Plaintiff failed to exhaust all of his claims.  See  Doc. 13, p. 4.  As noted above Javier-Lopez has not opposed this argument.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison
> conditions under Section 1979 of the Revised Statutes of
> the United States (42 U.S.C. 1983), or any other federal
> law, by a prisoner confined in any jail, prison, or other
> correctional facility until such administrative remedies
> as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)(a prisoner does not have to allege in

his complaint that he has exhausted administrative remedies).  Rather, pursuant to

the standards announced in <u>Williams v. Runyon</u>, 130 F.3d  568, 573 (3d Cir.

1997), it is the burden of a defendant asserting the defense of non-exhaustion to

plead and prove it.[3]  The United States Supreme Court in <u>Jones</u> noted that the

primary purpose of the exhaustion requirement is to allow prison officials to

address complaints before being subjected to suit, reducing litigation to the extent

complaints are satisfactorily resolved, and improving litigation that does occur by

leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default

component.  <u>Spruill v. Gillis</u> 372 F.3d 218, 222 (3d Cir. 2004).  As explained by

the United States Court of Appeals for the Third Circuit, a procedural default rule

"prevents an end-run around the exhaustion requirement."  <u>Id</u>. at 230.  It also

ensures "prisoner compliance with the specific requirements of the grievance

system" and encourages inmates to pursue their administrative grievances "to the

fullest."  <u>Id</u>.  Similarly, the United States Supreme Court has observed that proper

exhaustion of available administrative remedies is mandatory, meaning that

---

[3] In <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

prisoners must comply with the grievance system's procedural rules, including time limitations.  Woodford v. Ngo, 548 U.S. 81, 90-96 (2006).

The BOP has a well established  three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment.  See 28 C.F.R. §§ 542.10-542.19.  After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting  "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20)  calendar days "following the date on which the basis for the Request occurred."  See  28 C.F.R. § 542.14(a).  The Warden has twenty (20)  calendar days from the date the Request or Appeal is filed in which to respond."  See  28 C.F.R. § 542.18.

If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response.  See  28 C.F.R. § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response.  Id.  Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may

consider the absence of a response to be a denial at that level." Id.

According to an undisputed declaration under penalty of perjury by USP-Lewisburg Attorney Advisor Jennifer Knepper, Javier Lopez filed 14 grievances since his federal incarceration began. See Doc. 14-1, Exhibit 1, ¶ 6. Five of those grievances were filed by Plaintiff while he was confined at USP-Lewisburg. See id. at ¶ 7. However, none of those five grievances were fully exhausted in that they were either rejected for failure to follow proper procedure or not appealed to the BOP's Central Office, the final administrative level. Accompanying Knepper's declaration are copies of Plaintiff's relevant BOP computerized administrative grievance records

Based upon Attorney Knepper's undisputed declaration and supporting documents, Defendants have satisfied their burden of demonstrating Plaintiff failed to exhaust his available BOP administrative remedies with respect to the claims raised in the Complaint. The Plaintiff has also not provided the Court with any basis which would warrant excusing his non-compliance with the exhaustion requirement. Accordingly, the unopposed request for entry of summary judgment will be granted.

## Statute of Limitations

Defendants next contend that Plaintiff's Complaint should be deemed filed

9

as of March 31, 2014 the date his Complaint is signed.  They add that since the filing date "is clearly more than two years after the action accrued," his 2012 related claims should be dismissed as untimely as there is no grounds for tolling of the statute of limitations.  Doc. 13, pp. 7-8.

In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9, 25 (3d Cir. 1996).  The United States Supreme Court clarified its decision in Wilson when it held that courts considering civil rights claims should borrow the general or residual [state] statute for personal injury actions.  Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F.Supp. 809, 814 (M.D. Pa. 1996).It has also been held that "state statutes of limitations should be borrowed for suits under Bivens."  Roman v. Townsend, 48 F. Supp.2d 100, 104 (D. Puerto Rico 1999).

Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985).

The question of when a cause of action accrues is a question of federal law. Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A civil rights claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. If a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing pattern falls within the limitations period. Brenner v. Local 514, 927 F. 2d 1283, 1295 (3d Cir. 1991). It is also well settled that a person may realize he has been injured but is not adequately apprised as to the cause of his injury. See McGowan v. University of Scranton, 759 F.2d 287 (3d Cir. 1985). In Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380 (3d Cir. 1993), the Third Circuit recognized two doctrines, equitable tolling and the discovery rule, which may extend the statute of limitations.

The statute of limitations may be subject to equitable tolling where it is shown that the plaintiff exercised reasonable diligence in bringing his claims. Campbell v. Kelly, 87 Fed. Appx. 234, 236 (3d Cir. 2003). The discovery rule is a judicially created principle which tolls the statue of limitations in cases where a reasonable person in the plaintiff's shoes lacks the critical facts to put him on notice that he needs to investigate.

However, it has been recognized that the limitations period in a civil rights

11

action will begin to run even if the Plaintiff does not know all the facts necessary for his claim.  All that is required is that the plaintiff have sufficient notice to place him on alert of the need to begin investigating.  Gordon v. Lowell, 95 F. Supp.2d 264, 272 (E.D. Pa. 2000).  Under Gordon a "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong."  Id.  This Court is satisfied that Plaintiff had the necessary information to pursue his pending claims on the dates which they occurred.

Under the standards announced in Houston v. Lack, 487 U.S. 266 (1988), this Court agrees with Defendants' unopposed observation that Javier-Lopez's Complaint should be deemed filed as of March 31, 2014, the date the Complaint is dated.[4]  See  Doc. 1-1, p. 8.  Second, the Complaint clearly includes claims pertaining to a February 21, 2012 incident involving Plaintiff and fellow prisoner Inmate Lazo.  In light of Plaintiff's failure to respond to the summary judgment motion and since it is undisputed that he did not pursue administrative relief with respect to the February 21, 2012 incident, there is no discernible basis which would warrant an extension of the statute of limitations.  Furthermore, it has not been asserted, nor is it apparent to this Court that the continuing pattern exception

---

[4]  The Court will assume that the Complaint was given to prison personnel for the purpose of it being mailed to this Court on said date.

is applicable to those allegations.  Defendants' unopposed request for entry of

summary judgment on the basis that the Complaint is barred by the controlling

two year statute of limitations will be granted with respect to any claims stemming

from the February 21, 2012 incident or which accrued more then two years prior

to the March 31, 2014 filing of this action.

**Personal Involvement**

The next summary judgment argument contends that the Complaint fails to

sufficiently allege personal involvement by Defendants Bledsoe, Frederick, and

Trate in any unconstitutional acts.  <u>See</u> Doc. 13, p. 10.  It is also alleged that

Defendant Hamilton was on sick leave on February 14, 2013 and thus lacked any

personal involvement in any constitutional misconduct which allegedly took place

on said date.  <u>See</u> <u>id</u>. at p. 11.  Once again, it is noted that this argument is

unopposed.

A plaintiff, in order to state an actionable § 1983 civil rights claim, must

plead two essential elements:  (1) that the conduct complained of was committed

by a person acting under color of state law, and (2) that said conduct deprived the

plaintiff of a right, privilege, or immunity secured by the Constitution or laws of

the United States.  <u>See</u> <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d

Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir.

1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of <u>respondeat superior</u>.  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  <u>See</u>  <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976).  As explained in <u>Rode</u>:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

<u>Rode</u>, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system.  <u>See</u> <u>Jones v. North Carolina Prisoners Labor Union</u>, 433 U.S. 119, 137-138 (1977); <u>Speight v. Sims</u>, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") Consequently, any attempt by Plaintiff to establish liability against the Warden solely based upon the substance or lack of response to his institutional

14

grievances does not by itself support a constitutional due process claim.  <u>See</u>

<u>also</u> <u>Alexander v. Gennarini</u>, 144 Fed. Appx. 924, 925 (3d Cir. 2005)

(involvement in post-incident grievance process not a basis for § 1983 liability);

<u>Pryor-El v. Kelly</u>, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison

grievance procedure does not confer any substantive constitutional rights upon

prison inmates, the prison officials' failure to comply with grievance procedure is

not actionable).

Plaintiff generally alleges that Warden Bledsoe, Associate Warden

Frederick, and Captain Trate encouraged prison staff to instigate combat between

active and former prison gang members.  The Complaint adds that those three

Defendants encouraged the placement of Inmate Turcios-Lazo into Plaintiff's cell

on February 21, 2012.  However, Defendants have submitted a declaration under

penalty of perjury by Associate Warden Frederick showing that he did not begin

working at USP-Lewisburg until October 2012.

It is also alleged that Warden Bledsoe had Inmate Martinez placed in

Plaintiff's recreation cage on February 14, 2013.  However, the undisputed record

as established by USP-Lewisburg Human Resource Director C. Heiser

declarations under penalty of perjury shows that Bledsoe retired during March

2012 and within that same month Captain Trate transferred to another prison.

See Doc. 15-1, Exhibit 4.   Since neither Bledsoe nor Trate was working at USP-Lewisburg in February 2013 they are entitled to entry of summary judgment with respect to that claim or any other allegations accruing after their respective departures from USP-Lewisburg during March 2012.

Furthermore, Defendant Frederick did not arrive at USP-Lewisburg until October 7, 2012 and retired on January 31, 2014.  See id. at ¶ 4.  As such, Frederick was not personally involved in the February 21, 2012 incident.  It is equally apparent that Plaintiff appears to be attempting to establish liability against Trate, Bledsoe, and Frederick based upon either their respective supervisory positions or their response of non-response to administrative complains which is also insufficient for establishing civil rights liability.

Likewise, since the undisputed record shows that Case Manager Hamilton was on sick leave on February 14, 2013 any attempt to establish liability against her for conduct which took place on that date is meritless.  See Doc. 14-1, Exhibit 5, ¶ 3.  Pursuant to the above discussion the requests for entry of summary judgment on the basis of lack of personal involvement will be granted.

**Heck**

It is also alleged that Defendant Burns issued Plaintiff a false misconduct

report[5] and that DHO Jordan took improper action during the resulting disciplinary hearing.  Defendants contend that since Plaintiff was sanctioned to a loss of good time credits said  claims for monetary relief are barred from consideration by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and any request for injunctive or declaratory relief must be pursued via a habeas corpus action.  <u>See</u> Doc. 13, p. 17.

Inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1975), <u>Telford v. Hepting</u>, 980 F.2d 745, 748 (3d Cir.), <u>cert</u>. <u>denied</u> 510 U.S. 920 (1993).  Federal habeas corpus review is the appropriate remedy when "the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).  The Third Circuit in <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005), reiterated that federal habeas corpus review  allows a

---

[5]    The filing of a disciplinary charge, although not otherwise actionable under § 1983, is actionable if done in retaliation for an inmate's filing of a grievance pursuant to established procedures.  <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989); <u>see also</u> <u>Newsom v. Norris</u>, 888 F.2d 371, 377 (6th Cir. 1989) (filing of false disciplinary charges is not a constitutional violation unless charges were filed in retaliation for the exercise of a constitutional right); <u>Flanagan v. Shively</u>, 783 F. Supp. 922, 931 (M.D. Pa. 1992) (McClure, J.) (same); <u>Wilson v. Maben</u>, 676 F. Supp. 581, 584 (M.D. Pa. 1987) (Nealon, J.) ("When an inmate charged with misconduct has been afforded . . . procedural due process . . ., an allegation that he was falsely accused does not state a claim for a violation of his constitutional rights . . . .").

17

prisoner "to challenge the 'execution' of his sentence."

Accordingly, to the extent that Javier-Lopez challenged the forfeiture of good time credits stemming from his misconduct hearing, such requests for injunctive relief are not properly asserted in a civil rights complaint under the standards announced in <u>Preiser</u> and <u>Leamer</u>.  <u>See</u> <u>generally</u> <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1086 (3d Cir. 1985) (civil rights claims seeking release from confinement sound in habeas corpus).  Likewise, a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997).

In <u>Heck</u>, the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id</u>. at 486-87.  There is no assertion in the Complaint that the Luzerne County criminal conviction or prosecution underlying this action has been rendered

invalid.

Based on the nature of Javier-Lopez's's allegations, a finding in his favor would imply the invalidity and or compromise the misconduct charge/hearing at issue herein.  Thus, any request by Plaintiff for monetary damages is premature because he cannot maintain a cause of action for damages until his the finding of guilt on the misconduct charge is rendered invalid.  See Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005).  Thus, if Plaintiff is able to successfully challenge his misconduct charge, under Heck, he may then reassert a claim for damages in a properly filed civil rights complaint.

## Conclusion

Pursuant to the above discussion, this action is subject to dismissal for failure to exhaust administrative remedies.  In addition, any claims based upon events which transpired prior to March 31, 2012 are time barred.  Third, as the Complaint fails to satisfy the personal involvement requirement with respect to several of the claims asserted against Defendants Bledsoe, Frederick, Trate, and Hamilton.

Finally, Plaintiff's claims of being issued a false misconduct charge and denial of due process during the ensuing disciplinary proceeding are improperly

filed in this civil rights action.  The unopposed motion for summary judgment will

be granted.[6]  An appropriate Order will enter.


                         BY THE COURT:


                           s/ Matthew W. Brann
                         Matthew W. Brann
                         United States District Judge

---

[6]  Based upon the Court's conclusion, discussion of the remaining qualified
immunity and failure to state an Eighth Amendment claim arguments raised by the
Defendants' summary judgment motion are not warranted.